United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wilfredo Collazo, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-23451-Civ-Scola |
| ) | |
| Carnival Corporation d/b/a ) | |
| Carnival Cruise Lines, Defendant. ) | |

### Order on Defendant's Motion to Dismiss

This cause comes before the Court on the motion to dismiss by the Defendant Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival"). (Mot., ECF No. 7.) The Plaintiff Wilfredo Collazo has responded opposing the motion (ECF No. 13), and the Defendant filed a reply memorandum in support of its motion. (ECF No. 14.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants in part and denies in part** the motion to dismiss. (**Mot., ECF No. 7.**)

1. **Background**[1]

Collazo alleges he was walking along the exterior portion of the Lido Deck of the Carnival cruise ship "Breeze" when he fell "on water or a wet, slippery, transitory, and/or foreign substance." (ECF No. 1 ¶¶ 11-13.) The Lido Deck is the "same deck where the Tides Pool is located." (*Id.* ¶ 13.) The fall injured Collazo's knee, requiring surgery. (*Id.*) Collazo alleges the wet or slippery floor created a dangerous condition, which Carnival had actual or constructive notice about due to prior falls on the Lido Deck. (*Id.* ¶¶ 17-20.) Collazo identified four accident report numbers he alleges relate to slip and fall accidents on the Lido Deck of the "Breeze" ship. (*Id.* ¶¶ 19, 27, 35.) Additionally, Collazo identified nine slip and fall accidents caused by wet floors on the Lido Deck of the "Magic", the sister class vessel of the "Breeze." (*Id.* ¶¶ 20, 28, 36.)

Collazo sued Carnival, bringing claims for negligent maintenance (count one), negligent failure to correct (count two), and negligent failure to warn (count three). Carnival moved to dismiss all three claims, alleging the Plaintiff failed to plead Carnival's actual or constructive notice of the dangerous

---

[1] This background is based on the allegations in the Plaintiff's complaint. (ECF No. 1.) For the purposes of evaluating the Defendant's motion, the Court accepts the Plaintiff's factual allegations as true and construes the allegations in the light most favorable to the Plaintiff per Federal Rule of Civil Procedure 12(b)(6).

condition. (Mot., ECF No. 7.) Carnival also moved to dismiss the negligent failure to warn claim on the basis that the Plaintiff did not allege the danger was not open and obvious. (*Id.*)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

### A. The Plaintiff has sufficiently pleaded constructive notice.

A plaintiff pleading negligence in a maritime-tort case must allege: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (cleaned up). A shipowner owes non-crew passengers a duty of exercising reasonable care under the circumstances. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019). The standard requires, as a "prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition." *Id.* (cleaned up).

Actual notice exists when the defendant knew about the dangerous condition; constructive notice exists when the defendant "ought to have known." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). The Plaintiff has not alleged any facts that would support actual notice, so the Court considers whether the Plaintiff has sufficiently alleged constructive notice. A plaintiff can establish constructive notice with evidence showing (1) the defective condition existed long enough to invite corrective measures or (2) substantially similar incidents where conditions "substantially similar to the occurrence" must have caused the prior accidents. G*uevara*, 920 F.3d at 720.

The Plaintiff alleges constructive notice based on prior slip and fall accidents on the Lido Deck of the "Breeze" ship and its sister class vessel "Magic." For the "Breeze" the Plaintiff has identified four accident report numbers allegedly related to falls on the exterior portion of the Lido Deck. (ECF No. 1 ¶¶ 19, 27, 35.) For the "Magic" the Plaintiff identified nine slip and fall accidents related to wet floors on the Lido Deck. (*Id.* ¶¶ 20, 28, 36.) The falls identified by the Plaintiff related to wet floors on the Lido Deck date back to 2016 ("Magic") and 2017 ("Breeze"). Such factual allegations suffice to make constructive notice by the defendant not just possible, but plausible.[2] *See Spotts v. Carnival Corp.*, No. 23-CV-22906, 2024 WL 111921, at *2 (S.D. Fla. Jan. 10, 2024) (Altman, J.) (denying motion to dismiss where plaintiff alleged constructive notice by identifying prior similar falls with support and detail); *Fawcett v. Carnival*

---

[2] *Cf Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir.) (affirming dismissal where the plaintiff alleged constructive notice solely based on the high trafficked nature of the area where the accident occurred and crewmembers' view of the accident); *Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *2 (S.D. Fla. Jan. 11, 2021), *aff'd*, 50 F.4th 1088 (11th Cir. 2022) (granting motion to dismiss when the plaintiff alleged prior accidents without support).

*Corp.*, No. 23-21499-CIV, 2023 WL 4424195, at *3 (S.D. Fla. July 10, 2023) (Altonaga, J.) (same).

Carnival claims the Plaintiff's allegations are "conclusory and formulaic", arguing that "[g]eneral allegations of prior incidents, and general statements that a condition has existed for a significant amount of time" are insufficient. (Mot. at 8, ECF No. 7.) But Plaintiff provides examples of specific slip and fall accidents and accident report numbers, which goes beyond general allegations of prior incidents. The substantial similarity doctrine does not require identical circumstances. *Spotts*, 2024 WL 111921, at *3 ("Plaintiff's injury occurred on the Lido Deck of the Magic, and Plaintiff alleges 'prior similar incidents' occurred on the Lido Deck of the Magic or a similarly configured vessel …. As explained, that is enough to plausibly plead that Defendant had notice of the dangerous condition.") Thus, the complaint sufficiently alleges constructive notice based on substantially similar prior incidents resulting from wet floors on the Lido Deck of "Breeze" and its sister class vessel "Magic".

### B. The Plaintiff has failed to allege the dangerous condition was not open and obvious, warranting dismissal of the negligent failure to warn claim.

Carnival also moved to dismiss Collazo's negligent failure to warn claim, arguing he failed to allege that the danger was not open and obvious. (Mot., ECF No. 7.) The question of whether a dangerous condition is open and obvious is a heavily factual question, "which is inappropriate" at the motion to dismiss stage; however, a plaintiff still must allege the danger is not open and obvious to state a negligent failure to warn claim. *Fawcett v. Carnival Corp.*, No. 23-21499-CIV, 2023 WL 4424195, at *4 (S.D. Fla. July 10, 2023) (Altonaga, J.); *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1264 (S.D. Fla. 2022) (Bloom, J.). Because the Plaintiff failed to allege the dangerous condition was not open and obvious, the negligent failure to warn claim is dismissed without prejudice.

### 4. Conclusion

For the reasons set forth above, the Court **grants in part and denies in part** the motion to dismiss. (**Mot., ECF No. 7.**) The Plaintiff has properly pleaded constructive notice, and therefore the motion to dismiss the claims for negligent maintenance (count 1) and negligent failure to correct (count 2) is **denied.** However, based on the Plaintiff's failure to allege the danger was not open and obvious, the motion to dismiss the negligent failure to warn claim (count 3) is **granted**. Accordingly, the Plaintiff's negligent failure to warn claim is **dismissed without prejudice**.

**Done and ordered** in Miami, Florida on April 9, 2024.

_____
Robert N. Scola, Jr.
United States District Judge