United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wilfredo Collazo, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23451-Civ-Scola |
| | ) |
| Carnival Corporation d/b/a | ) |
| Carnival Cruise Lines, Defendant. | ) |

**Order Denying Plaintiff's Motion for Leave to File Amended Complaint**

This cause comes before the Court on the Plaintiff's motion to leave to file an amended complaint. (ECF No. 22.) The Court's scheduling order set February 21, 2024, as the deadline to amend the pleadings. (ECF No. 17.) When a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). The movant must first show "good cause" under Rule 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff argues that "good cause exists because Plaintiff could not amend the Complaint prior to the deadline to amend pleadings given this Court's dismissal without prejudice occurred subsequent to the deadline." (ECF No. 22.) However, the Eleventh Circuit has rejected "the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018); *see also Douglas v. Cruise Yacht Op Co.*, No. 21-CV-23980, 2022 WL 2753101, at *2 (S.D. Fla. July 14, 2022) (Bloom, J.) ("[T]he standard is not met simply because they were awaiting the Court's ruling on the motions to dismiss."). The Defendant put the Plaintiff on notice about his pleading deficiencies in December 2023, when the Defendant filed its motion to dismiss. (ECF No. 7.) However, the Plaintiff made the decision to stand on his pleadings instead of diligently seeking leave to amend when he first learned of his pleading deficiencies. Thus, the Court does

not find good cause justifying untimely amendment and need not consider whether amendment is otherwise proper. The Plaintiff's motion for leave to file an amended complaint is **denied**. (**Mot., ECF No. 22.**)

**Done and ordered** in Miami, Florida on April 30, 2024.

_____
Robert N. Scola, Jr.
United States District Judge